UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

P. J. Stevens,

               Plaintiff,

   vs.                        REPORT AND RECOMMENDATION

Kanabec County District
Court,

               Defendant.        Civil No. 08-516 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff P. J. Stevens for leave to proceed in forma pauperis ("IFP").  See, Docket No. 2.  For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

## II.  Factual and Procedural Background

Most of the Plaintiff's current Complaint is unintelligible because it contains no complete sentences.  Rather, the Complaint is a two-page amalgam of sentence

fragments, which shed very little light on the basis, or objective, of the lawsuit. As far as we can tell, at some time in 2007, the Plaintiff was civilly committed under Minnesota law, due to a mental illness. A document attached to the Plaintiff's Complaint suggests that his civil commitment was terminated on October 8, 2007, by an Order of the State District Court for Kanabec County, Minnesota. Another document, which is attached to the Complaint, suggests that a Warrant for the Plaintiff's arrest was issued by a Kanabec County District Court on October 11, 2007. According to the Complaint, the Plaintiff "was arrested on the felony warrant [on] October 16th 2007." Complaint, Docket No. 1, p. 2.

The Plaintiff's Complaint also includes an unexplained reference to Minnesota Statutes Sections 611.026, which provides as follows:[1]

> No person shall be tried, sentenced, or punished for any crime while mentally ill or mentally deficient so as to be incapable of understanding the proceedings or making a defense; but the person shall not be excused from criminal liability except upon proof that at the time of committing

---

[1] The Plaintiff mentions in the Complaint, without explanation, two (2) other Minnesota Statutes -- namely, Minnesota Statutes Section 548.14, which allows a Judgment that was obtained "by means of perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party," to be set aside, and Minnesota Statutes Section 253B.095, which provides the means by which a Court, after a civil commitment Hearing, may release a proposed patient prior to issuing a civil commitment Order.

> the alleged criminal act the person was laboring under such
> a defect of reason, from one of these causes, as not to know
> the nature of the act, or that it was wrong.

The Plaintiff appears to be claiming that he was mentally ill when the Warrant for his arrest was issued on October 11, 2007, despite the fact that his civil commitment apparently had been terminated three (3) days earlier, and that the Warrant was issued, therefore, in violation of Minnesota Statutes Section 611.026.  The Plaintiff appears to be attempting to sue the Defendant "Kanabec County District Court" for issuing the Warrant that led to his arrest.  He is seeking a Judgment against the Defendant for "Comsention [sic] for loses [sic] and or guidline [sic] for such."

## III.  Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted.  See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, we find that, even with the benefit of the most indulgent construction, the Plaintiff's pleading fails to state an actionable claim against the named Defendant.[2]

---

[2]We will assume, without deciding, that the named Defendant, "Kanabec County District Court," is a distinct and cognizable legal entity that is suable as such, and that
(continued...)

To state an actionable claim for relief, a complainant must allege a set of historical facts which, if proven true, would entitle him to some legal redress against the named defendant, based upon some settled legal principle or doctrine.  While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

The Complaint, here, does not provide any comprehensible information about the historical events and circumstances on which the action is based.  The Plaintiff has not described any specific acts, or omissions, by the named Defendant which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendant.  Therefore, the Plaintiff's Complaint fails to state an actionable claim for relief.

---

[2](...continued)
the Defendant is **not** a **State** entity that is immune from suit in Federal Court under the Eleventh Amendment.  However, we note that both of those assumptions are extremely doubtful.

We further find that the Plaintiff has not identified any viable legal jurisdictional, or substantive, basis for his present lawsuit. He appears to be claiming that he is entitled to legal redress against the named Defendant, because he was arrested in violation of Minnesota Statutes Section 611.026. However, even if that were a viable legal claim, it would have to be dismissed for lack of subject matter jurisdiction. In the absence of diversity of citizenship between the Plaintiff and the Defendants, which clearly does not exist here,[3] Federal Courts can only entertain claims based on Federal substantive law. See, <u>Title 28 U.S.C. §§1331 and 1332</u>. Therefore, if the Plaintiff is attempting to sue the Defendant for allegedly violating a Minnesota **State** law, i.e., Minnesota Statutes Section 611. 026, his case cannot be heard in Federal Court.[4]

---

[3]According to the Complaint, the Plaintiff resides in Isle, Minnesota, and Kanabec County District Court is located in Mora, Minnesota. Since both the Plaintiff and the Defendant reside in Minnesota, there can be no diversity of citizenship.

[4]We emphasize that we are simply speculating that the Plaintiff might be attempting to sue the Defendant for allegedly violating Minnesota Statutes Section 611.026, as the Complaint fails to identify any specific legal basis for this action and, for that reason alone, the Complaint is fatally defective.

Accordingly, finding no viable cause of action, we recommend that this action be summarily dismissed, pursuant to Title 28 U.S.C. §§1915(e)(2)(B)(ii) and (iii), and that the Plaintiff's IFP application be denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2.     That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: April 2, 2008                         *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 18, 2008**, a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **April 18, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.